UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIDNEY COLLINS, | ) |
| Petitioner, | ) 19 C 3419 |
| vs. | ) Judge Gary Feinerman |
| GREGG SCOTT, Facility Director of the DHS-TDF, | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

Sidney Collins, a civil detainee in the custody of the Illinois Department of Human Services, petitions for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. The Facility Director at Collins's place of confinement moves to dismiss the petition. Doc. 12. The motion is granted.

**Background**

Collins was convicted in 1985 of rape, home invasion, and aggravated battery, and sentenced to sixty years' imprisonment. *People v. Collins*, 530 N.E.2d 1143, 1144 (Ill. App. 1988). The Appellate Court of Illinois affirmed on direct review. *Id*. at 1148. Some twenty years later, on collateral review, the appellate court vacated the sentence. *Collins v. Chandler*, No. 1-08-0886 (Ill. App. Oct. 27, 2009) (reproduced at Doc. 12-2). On remand, the trial court re-sentenced Collins to thirty years' imprisonment, ordered him released from prison—his release date under the new sentence had expired about a decade earlier—and indicated that he had to serve a three-year term of mandatory supervised release ("MSR"). Doc. 12-3. Collins then challenged the MSR term, arguing that he had already served his MSR term while imprisoned past his lawful release date and therefore that the trial court had imposed what was, in essence, a

1

second MSR term. *Collins v. Ashby*, 2012 IL App (1st) 110401-U, at ¶¶ 2, 7 (Ill. App. Feb. 14, 2012) (reproduced at Doc. 12-4). The appellate court rejected the challenge, holding that Illinois law required Collins serve the MSR term after his release and that the term could not be offset by the excess prison time he served. *Id*. at ¶¶ 8, 11.

In the meantime, just prior to his release from prison, the State petitioned that Collins be civilly committed under the Illinois Sexually Violent Persons Commitment Act ("SVP Act"), 725 ILCS 207/1 *et seq*. Doc. 12-5. The trial court found probable cause to believe that Collins was an SVP and ordered him civilly detained in the custody of the Illinois Department of Human Services. Doc. 12-7 at 1 (2/24/2010 order). Collins moved to dismiss the SVP petition on due process, equal protection, and double jeopardy grounds, arguing that the State irrationally treated him differently than others similarly situated by recommending him for SVP commitment and thereby preventing him from serving his MSR term; that the SVP petition punished him for his successful collateral challenge to his sixty-year sentence; that the Attorney General of Illinois failed in her duty to correct his void sentence; that being civilly committed would mean he would not be credited for the excess imprisonment that he already served; and that the SVP proceeding would have been barred as untimely had his MSR term correctly run from his lawful release date. Doc. 12-6. The state trial court denied the motion to dismiss. Doc. 12-7 at 5 (6/10/2015 order). Collins's trial in the SVP case, originally set for February 2017, Doc. 12 at 3-4, is now set for January 2020, Doc. 12-7 at 9 (5/2/2019 order).

**Discussion**

Collins petitions under § 2241 for habeas corpus relief, contending—based on the same due process, equal protection, and double jeopardy arguments he unsuccessfully pressed in moving the state court to dismiss his SVP proceeding—that he should be released from custody

2

and relieved from the SVP civil commitment process. Doc. 1. The Facility Director moves to dismiss the petition on the ground that the court should abstain under *Younger v. Harris*, 401 U.S. 37 (1971), from interfering with the state SVP proceeding. Doc. 12.

"*Younger* holds that federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013); *see Younger,* 401 U.S. at 41 ("[W]e have concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances."); *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 740 (7th Cir. 2016). *Younger* abstention is appropriate where "there is an ongoing state proceeding that is judicial in nature, involves important state interests, provides the plaintiff an adequate opportunity to raise the federal claims, and no exceptional circumstances exist." *Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017). The *Younger* doctrine applies not only to state criminal proceedings, but also to state proceedings that "enforce other important state interests," such as civil commitment proceedings. *See Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010).

That said, a court should not abstain under *Younger* where: "(1) the state proceeding is motivated by a desire to harass or is conducted in bad faith; (2) there is an extraordinarily pressing need for immediate equitable relief; or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions." *Jacobson v. Vill. of Northbrook Mun. Corp.*, 824 F.2d 567, 569-70 (7th Cir. 1987) (citations and internal quotation marks omitted). Moreover, "a person who is in state custody awaiting a determination by the state courts of the legality of his custody may seek federal habeas corpus to challenge that custody without being

3

barred by the *Younger* doctrine if immediate federal intervention is necessary to prevent the challenge from being moot[, such as] … if the petitioner were complaining that the state proceeding had violated his right to a speedy trial or had placed him in double jeopardy." *Sweeney*, 612 F.3d at 573 (citing *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-92 (1973)).

Although Collins's double jeopardy claim is subject to a recognized *Younger* exception, it fails on the merits. Under settled precedent, Collins's commitment under the SVP Act is not punitive, thereby "remov[ing] an essential prerequisite for … [any] double jeopardy … claim[]." *Kansas v. Hendricks*, 521 U.S. 346, 368-69 (1997); *see also Belleau v. Wall*, 811 F.3d 929, 937 (7th Cir. 2016) ("[C]ivil commitment of sex offenders who have completed their prison sentences but are believed to have a psychiatric compulsion to repeat such offenses is not punishment as understood in the Constitution; it is prevention.") (citing *Hendricks*, 521 U.S. at 368-69); *Lane v. Williams*, 689 F.3d 879, 885 (7th Cir. 2012) (Wood, J., concurring in part and dissenting in part) ("[B]ecause Illinois's SVP procedures 'recommend[] treatment if such is possible' and 'permit[] immediate release upon a showing that the individual is no longer dangerous or mentally impaired,' it is beyond dispute that the purpose of the plaintiffs' detention is not punitive.") (alterations in original) (quoting *Hendricks*, 521 U.S. at 368-69); *Lieberman v. Scott*, 2014 WL 2832834, at *6 (N.D. Ill. June 23, 2014) ("[The petitioner's] civil commitment does not violate the double jeopardy clause because the [Illinois Sexually Violent Persons Commitment Act] is civil in nature, and thus does not constitute a second prosecution nor is his civil commitment tantamount to punishment.").

As to Collins's other claims, *Younger* abstention is appropriate: his SVP proceeding is ongoing; it is a state civil commitment proceeding and thus subject to *Younger*, *see Sweeney*, 612

4

F.3d at 573; he can and has raised his federal constitutional claims in state court; and he has not shown that exceptional circumstances warrant declining to abstain under *Younger*. In an effort to demonstrate exceptional circumstances, Collins submits that he is suffering irreparable injury based on his continued detention during the lengthy SVP proceeding. The core of this argument is that his ongoing detention is punishment for which he should be released. Doc. 15 at 8-9 (suggesting that, through his civil commitment, his "incarceration has been extended indefinite[ly], to a life sentence"). As noted above, Collins's detention is civil, not punitive, so the Sixth Amendment's Speedy Trial Clause does not apply. *See United States v. Perry*, 788 F.2d 100, 118 (3d Cir. 1986) ("The speedy trial clause deals with the timeliness of criminal prosecutions, not civil commitment proceedings."); *Powell v. Saddler*, 2012 WL 3880198, at *6 (N.D. Ill. Sept. 6, 2012). Even putting that aside, Collins has not and could not develop any argument as to why the duration of his state court proceeding violates his constitutional right to a speedy trial. "The factors relevant to whether a delay violates a defendant's constitutional rights include: the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Cole v. Beck*, 765 F. App'x 137, 138 (7th Cir. 2019) (citing *Barker v. Wingo*, 407 U.S. 514, 530-33 (1972)). While "the length of the delay, which exceeds a year, is presumptively prejudicial," *ibid.*, Collins does not contest the Facility Director's submission that the SVP trial "date was continued multiple times while [Collins] litigated various pre-trial motions," Doc. 12 at 4. While Collins certainly has the right to bring pretrial motions in his SVP proceeding, if those motions delay the commencement of his SVP trial, he cannot use that delay to predicate an exception to *Younger*. Nor has Collins demonstrated that he asserted his speedy trial right in state court. It follows that the slowness of the SVP proceeding does not warrant an exception to the *Younger* doctrine. *See Harrison v. Moultrie Cnty.*, 770 F.

5

App'x 295, 297 (7th Cir. 2019) ("[T]here is no compelling reason to disrupt Harrison's criminal prosecution in Illinois; he can challenge the fairness of the proceedings and raise speedy-trial issues, if any, in his ongoing state-court case.").

Collins next contends that the claims he presses here "cannot be effectively raised in the state proceedings." Doc. 15 at 3. To the extent that Collins argues that his detention is unlawful because his MSR term should have run from his lawful 1999 release date rather than what turned out to be his actual release date, *id.* at 6, that question turns on an issue of state law that cannot predicate federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). As to his federal claims, Collins complains of a lack of "fundamental fairness" in the SVP proceeding given his view that "the state court has no intentions of ever releasing [him] from its ill[e]gal and unjust incarceration." Doc. 15 at 5. But Collins provides no basis to conclude that the state court handling his SVP proceeding is fundamentally unfair, and "[m]inimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (emphasis omitted); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (noting that when a constitutional challenge "relate[s] to pending state proceedings, proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand"). "If all a defendant in a state proceeding had to do in order to obtain federal court review of his federal claims before the proceeding was over was to move to dismiss and exhaust the remedies the state provided for a challenge to the denial of such a motion, *Younger* would be a dead letter." *Sweeney*, 612 F.3d at 573.

**Conclusion**

The Facility Director's motion to dismiss Collins's habeas petition is granted. Collins's double jeopardy claim is dismissed on its merits, and his remaining claims are dismissed on *Younger* abstention grounds without prejudice to his seeking relief in state court and/or seeking federal habeas relief under 28 U.S.C. § 2254 once the SVP proceeding concludes. *See Sweeney*, 612 F.3d at 573; *Powell*, 2012 WL 3880198 at *7.

Given that Collins's detention arose out of a probable cause hearing by the state trial court, this court must consider whether a certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that "an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" "[u]nless a circuit justice or judge issues a certificate of appealability"); *see also Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("[S]tate pre-trial detainees who are detained pursuant to a state court process must secure a certificate of appealability … ."). Regarding the due process claim, which is dismissed on its merits, the applicable standard is:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that … includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

*Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted); *see also Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (same). Regarding the other claims, which are dismissed on *Younger* grounds, the applicable standard is:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

> constitutional right and that jurists of reason would find it debatable whether
> the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484; *see also Anderson v. Litscher*, 281 F.3d 672, 673-74 (7th Cir. 2002).

This court's dismissal of Collins's habeas claims relies on settled precedents and principles. The application of those precedents and principles to Collins's claims does not present difficult or close questions, and so the applicable standard for granting a certificate of appealability has not been met. The court therefore denies a certificate of appealability.

December 31, 2019

_____
United States District Judge